# BRAFF, HARRIS & SUKONECK
### COUNSELLORS AT LAW

**Keith Harris**

570 W. MT. PLEASANT AVENUE - SUITE 104
LIVINGSTON, NEW JERSEY 07039-0657
(973) 994-6677
Facsimile (973) 994-1296

New York, New York 10007
(212) 599-2085
Facsimile (212) 822-1479

Writer's
e-mail address
kharris@bhsm-law.com

April 12, 2022

<u>Via Electronic Filing</u>
USDC- Newark
50 Walnut St.
Room 4015f
Newark, NJ 07101

   Re: **Sam Weinberger, et al. v. CM Vantage Specialty Insurance Company**
      **Docket No.: 2:22-cv-00694**
      **Our File No.: 12.23209**

Dear Sir/Madam:

  Enclosed you will find an Answer and Third Party Complaint on behalf of Defendant, CM Vantage Specialty Insurance Company.

Respectfully submitted,

BRAFF, HARRIS & SUKONECK

KEITH HARRIS
A Member of the Firm
KH:kam

Enclosures
cc: Daniel I. Goldberg, Esq.

BRAFF, HARRIS & SUKONECK
Keith Harris
Attorney I.D. No. 018121992
COUNSELLORS AT LAW
570 W. MT. PLEASANT AVENUE, P.O. BOX 657
LIVINGSTON, NEW JERSEY 07039
Telephone: (973) 994-6677
Attorneys for Defendant, CM Vantage Specialty Insurance Company
Our File No. 12.23209

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAM WEINBERGER, 38-40 KELLY BAYONNE, LLC, 590 BERGEN JC LLC, 186-188 SOUTH JC LLC, 201-203 CLAREMONT JC LLC, 207 ARLINGTON JC LLC, 211 WOODWARD JC LLC, 318 FORREST JC LLC, 320 FOREST JC LLC, 33-35 STORMS JC LLC, 385 DANFORTH JC LLC, 639 BERGEN JC LLC, 77 BERGEN JC LLC, 79 BERGEN JC LLC, 155 W 29TH BAYONNE LLC, 21-23 BAYONNE LLC, 25-27 BAYONNE LLC, 18 FULTON JC LLC, 121 SHERMAN JC LLC, 41 CLARE JC LLC, AND 43 CLARKE JC LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CM VANTAGE SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION <br><br> DOCKET NO. 2:22-cv-00694 <br><br> ANSWER TO COMPLAINT, SEPARATE DEFENSES, THIRD PARTY COMPLAINT, DEMAND FOR STATEMENT OF DAMAGES AND JURY DEMAND |
| CM VANTAGE SPECIALTY INSURANCE COMPANY, <br><br> Defendant/Third Party Plaintiff, <br><br> vs. <br><br> BURNS & WILCOX AND MID-STATE BROKERAGE, <br><br> Third Party Defendants. | |

The defendant, CM Vantage Specialty Insurance Company, by way of Answer to the plaintiffs' Complaint, herein says:

## NATURE OF THE ACTION

1. The answering defendant denies the validity of any claim by any named plaintiff and specifically denies breach of contract, bad faith and denies that the Policy is subject to reformation or that any named plaintiff is entitled to that relief.

## PARTIES COUNT

2. Weinberger's citizenship is unknown to the answering defendant. The answering defendant denies that Weinberger is an insured pursuant to the Policy.

3. The plaintiffs' corporate form and principal place of business are unknown to the answering defendant. The answering defendant denies that 38-40 Kelly Bayonne, LLC is an insured under the Policy.

4. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy change endorsement effective March 21, 2018, 590 Bergen JC LLC/590 Bergen Avenue were added to the subject Policy.

5. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018, 186-188 South JC LLC/186-188 South Street, Jersey City, New Jersey was added to the subject Policy as an additional location and denies the entity was an additional named insured.

6. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018, 201-203 Claremont JC LLC/ 201-203 Claremont Avenue, Jersey City, New Jersey was added to the subject Policy as an additional location and denies the entity was an additional named insured.

7. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018, 207 Arlington JC LLC/ 207 Arlington Avenue, Jersey City, New Jersey was added to the subject Policy as an additional location and denies the entity was an additional named insured.

8. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018, 211 Woodward JC LLC/ 211 Woodward Avenue, Jersey City, New Jersey was added to the subject Policy as an additional location and denies the entity was an additional named insured.

9. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018, 318 Forrest JC LLC/ 318 Forrest Street, Bayonne, New Jersey was added to the subject Policy as an additional location and denies the entity was an additional named insured.

10. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018, 320 Forrest JC LLC/ 320 Forrest Street, Jersey City, New Jersey was added to the subject Policy as an additional location and denies the entity was an additional named insured.

11. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018, 33-35 Storms JC LLC/ 33-35 Storms Avenue, Jersey City, New Jersey were was added to the subject Policy as an additional location and denies the entity was an additional named insured.

12. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018,

385 Danforth JC LLC/ 385 Danforth Avenue, Jersey City, New Jersey was added to the subject Policy as an additional location and denies the entity was an additional named insured.

13. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018, 639 Bergen JC LLC/ 639 Bergen Avenue, Jersey City, New Jersey was added to the subject Policy as an additional location and denies the entity was an additional named insured.

14. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018, 77 Bergen JC LLC/77 Bergen Avenue, Jersey City, New Jersey was added to the subject Policy as an additional location and denies the entity was an additional named insured.

15. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018, 79 Bergen LLC/79 Bergen Avenue, Jersey City, New Jersey was added to the subject Policy as an additional location and denies the entity was an additional named insured.

16. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. Pursuant to a Policy Change Endorsement effective March 21, 2018, 155 W 29th Bayonne LLC/672-674 Avenue A a/k/a 155 West 29th Street, Bayonne, New Jersey was added to the subject Policy as an additional location and denies the entity was an additional named insured.

17. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. 21-23 Bayonne LLC is not a named insured under the Policy.

18. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. 25-27 Bayonne LLC is not a named insured under the Policy.

19. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. 18 Fulton JC LLC is not a named insured under the Policy.

20. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. 121 Sherman JC LLC is not a named insured under the Policy.

21. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. 41 Clare JC LLC is not a named insured under the Policy.

22. The answering defendant is unaware of the plaintiffs' corporate structure or principal place of business. 43 Clarke JC LLC is not a named insured under the Policy.

23. The plaintiffs' citizenship is unknown to the answering defendant.

24. The allegations in paragraph 24 are admitted.

## JURISDICTION AND VENUE COUNT

25. This defendant provides no answers to the allegations contained in paragraph One as the allegations contained therein call for legal conclusions and as such no response is provided.

26. The answering defendant acknowledges personal jurisdiction. The answering defendant denies the remainder of the allegations and leaves each individual plaintiff to its proofs concerning the asserted claims and coverage.

27. This defendant provides no answers to the allegations contained in paragraph One as the allegations contained therein call for legal conclusions and as such no response is provided.

## FACTUAL ALLEGATIONS COUNT

28. Upon information and belief, admitted.

29. Upon information and belief, admitted. Exhibit B of the plaintiffs' Complaint speaks for itself and the allegation is neither admitted nor denied.

30. This defendant denies the allegations contained in paragraph Thirty. The defendant received first notice of the Sawiris claim April 28, 2021.

31. This defendant denies the allegations contained in paragraph Thirty-One.

32. This defendant denies the allegations contained in paragraph Thirty-Two.

33. This defendant denies the allegations contained in paragraph Thirty-Three.

34. This defendant denies the allegations contained in paragraph Thirty-Four.

35. This defendant denies the allegations contained in paragraph Thirty-Five.

36. Denied. The Policy and its terms, conditions, endorsements, amendments, exclusions and declarations speak themselves. The Policy provides coverage to specific named insureds, additional insureds and with respect to specific scheduled locations. The answering defendant denies any coverage obligations relevant to the Sawiris Complaint.

37. This defendant denies the allegations contained in paragraph Thirty-Seven.

38. The Policy language speaks for itself. The defendant objects to the excerpting or editing of any Policy language. The entirety of the Policy documents must be read and considered in their entirety.

39. This defendant denies the allegations contained in paragraph Thirty-Nine.

## CAUSES OF ACTION
## COUNT 1

40. This defendant repeats and reiterates its answers to the allegations contained in the prior Counts of the Complaint as though fully set forth at length herein.

41. This defendant denies the allegations contained in paragraph Forty-One.

42. This defendant denies the allegations contained in paragraph Forty-Two.

43. This defendant denies the allegations contained in paragraph Forty-Three.

44. This defendant denies the allegations contained in paragraph Forty-Four.

45. This defendant denies the allegations contained in paragraph Forty-Five.

46. This defendant denies the allegations contained in paragraph Forty-Six.

47. This defendant denies the allegations contained in paragraph Forty-Seven.

## COUNT II
### Declaratory Judgment – Duty to Indemnify

48. This defendant repeats and reiterates its answers to the allegations contained in the prior Counts of the Complaint as though fully set forth at length herein.

49. This defendant denies the allegations contained in paragraph Forty-Nine.

50. This defendant denies the allegations contained in paragraph Fifty.

51. This defendant denies the allegations contained in paragraph Fifty-One.

52. This defendant denies the allegations contained in paragraph Fifty-Two.

53. This defendant denies the allegations contained in paragraph Fifty-Three.

54. This defendant denies the allegations contained in paragraph Fifty-Four.

## COUNT III
### Breach of Contract

55. This defendant repeats and reiterates its answers to the allegations contained in the prior Counts of the Complaint as though fully set forth at length herein.

56. This defendant denies the allegations contained in paragraph Two.

57. This defendant denies the allegations contained in paragraph Three.

58. The answering defendant denies breach of contract or directly and proximately causing damage of any type or kind to the plaintiffs as alleged in paragraph Fifty-Eight.

## COUNT IV
### Bad Faith

59. This defendant repeats and reiterates its answers to the allegations contained in the prior Counts of the Complaint as though fully set forth at length herein.

60. This defendant denies the allegations contained in paragraph Sixty.

61. This defendant denies the allegations contained in paragraph Sixty-One.

62. This defendant denies the allegations contained in paragraph Sixty-Two.

63. This defendant denies the allegations contained in paragraph Sixty-Three.

64. This defendant denies the allegations contained in paragraph Sixty-Four.

65. This defendant denies the allegations contained in paragraph Sixty-Five.

66. This defendant denies the allegations contained in paragraph Sixty-Six.

67. This defendant denies the allegations contained in paragraph Sixty-Seven.

68. This defendant denies the allegations contained in paragraph Sixty-Eight.

## COUNT V
### Reformation

69. This defendant repeats and reiterates its answers to the allegations contained in the prior Counts of the Complaint as though fully set forth at length herein.

70. This defendant denies the allegations contained in paragraph Seventy.

71. This defendant denies the allegations contained in paragraph Seventy-One.

72. This defendant denies the allegations contained in paragraph Seventy-Two.

## PRAYER FOR RELIEF COUNT

The plaintiffs are not entitled to any relief, remedy, judgment or award of any type or kind in their favor as alleged.

## FIRST SEPARATE DEFENSE

The Complaint of the plaintiffs fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

The Complaint of the plaintiffs is barred by virtue of the Doctrine of Estoppel, Doctrine of Laches and Doctrine of Waiver.

## THIRD SEPARATE DEFENSE

There is a lack of jurisdiction over the person of this defendant and the defendant reserves the right to move for a dismissal.

## FOURTH SEPARATE DEFENSE

The plaintiffs' remedies/damages are limited by contract or agreement relied upon by the plaintiffs fails for lack of consideration.

## FIFTH SEPARATE DEFENSE

There was no meeting of the minds with regard to the agreement and/or contract relied upon by the plaintiffs.

## SIXTH SEPARATE DEFENSE

The plaintiffs lack standing as they are not parties to the insurance contract at issue.

## SEVENTH SEPARATE DEFENSE

The plaintiffs' Complaint should be dismissed for failure to join necessary parties for adjudication.

## EIGHTH SEPARATE DEFENSE

The plaintiffs failed to conform or comply with policy language, terms provisions and conditions and are not entitled to relief.

### NINTH SEPARATE DEFENSE

The plaintiffs cannot sustain their burden to establish a claim within the scope of coverage.

### TENTH SEPARATE DEFENSE

The plaintiffs' Complaint is barred by the Statute of Frauds.

### ELEVENTH SEPARATE DEFENSE

The plaintiffs have failed to comply with policy conditions.

### TWELFTH SEPARATE DEFENSE

Declaratory judgment is inappropriate as legal remedies are available.

### THIRTEENTH SEPARATE DEFENSE

The plaintiffs have adequate remedies at law.

### FOURTEENTH SEPARATE DEFENSE

The answering defendant denies bilateral error allowing for reformation.

### FIFTEENTH SEPARATE DEFENSE

The answering defendant denies any mistake allowing for reformation.

### SIXTEENTH SEPARATE DEFENSE

The plaintiffs cannot sustain their burden of proof with regard to remedies sought.

### SEVENTEENTH SEPARATE DEFENSE

The plaintiffs have failed to mitigate their damages.

### EIGHTEENTH SEPARATE DEFENSE

The plaintiffs are guilty of unclean hands.

**THIRD PARTY COMPLAINT**

Defendant, CM Vantage Specialty Insurance Company, complaining of the Third Party Defendants, Burns & Wilcox and Mid-State Brokerage, says:

**FIRST COUNT**

1. The plaintiffs solicited insurance coverage through third party insurance agents and brokers.

2. The plaintiffs' insurance broker is identified in the subject policy of insurance as Burns & Wilcox- Salt Lake City.

3. Mid-State Brokerage provided insurance procurement services to the plaintiffs.

4. It was the responsibility of the plaintiffs and the third party defendants to accurately and specifically identify the entities to be covered by any policy of insurance and the locations of the property to which coverage would attach.

5. The policy of insurance at issue provided for coverage between September 5, 2017 and September 5, 2018.

6. At no time prior to the late Notice of Claim being provided to defendant/third party plaintiff was coverage sought or provided to 38-40 Kelly Bayonne, LLC and/or Sam Weinberger or 38-30 Kelly Parkway, Bayonne, New Jersey.

7. Prior to the filing of the Sawiris lawsuit no request was ever made to the defendant/third party plaintiff for coverage in favor of 38-40 Kelly Bayonne, LLC, Sam Weinberger or with respect to the loss location identified in the Sawiris Complaint as 38-40 Kelly Parkway Bayonne, New Jersey.

8. If the plaintiffs requested coverage for 38-40 Kelly Bayonne, LLC, Sam Weinberger and/or 38-40 Kelly Parkway, Bayonne, New Jersey during the policy period no such coverage was ever sought or requested of the defendant/third party plaintiff.

9. To the extent that coverage was sought for 38-40 Kelly Bayonne LLC, Sam Weinberger and/or 38-40 Kelly Parkway, Bayonne, New Jersey and such request was made to the third party defendants, it was not conveyed to the defendant third party plaintiffs.

10. To the extent that the plaintiffs sought coverage for 38-40 Kelly Bayonne LLC, Sam Weinberger and/or 38-40 Kelly Parkway Bayonne, New Jersey during the relevant policy and that request was made to the third party defendants, the third party defendants are liable to the plaintiffs and answerable to the defendant/third party plaintiff.

11. If the plaintiffs communicated a request for coverage during the policy period for 38-40 Kelly Bayonne LLC or Sam Weinberger, the third party defendants have breached their duty of care and/or their fiduciary duties.

12. Any damages suffered by the plaintiffs are the direct and proximate cause of the acts or omissions of the third party defendants.

### SECOND COUNT

1. Defendant/Third Party Plaintiff repeats and reiterates each and every allegation contained in the First Count as if set forth herein at length.

2. While denying it is in any way obligated or liable under the claims for relief asserted against it, the Defendant/Third Party Plaintiff alleges that any obligation imposed upon it to respond in damages to Plaintiffs could only be as a result of an operation of law based upon

technical, imputed or implied liability, whereas the actual fault or negligence rests with the Third Party Defendants.

3. The causative acts or failures to act were those of the Third Party Defendants.

4. The Third Party Defendants are obligated under the terms and provisions of the New Jersey Joint Tortfeasors Contribution Act, *N.J.S.A. 2A:53A, et. seq.*, for their *pro rata* share of any judgment.

5. The Defendant/Third Party Plaintiff is entitled to a determination of the percentage shares of responsibility of all tortfeasors whose fault contributed to the claimed injuries and damages of the Plaintiffs, as the obligation, if any, of the Defendant/Third Party Plaintiff to respond in damages should not exceed its share of any judgment.

6. Arising out of the relationship between the parties is a contractual obligation entitling the Defendant/Third Party Plaintiff to indemnification from the Third Party Defendants.

WHEREFORE, Defendant/Third Party Plaintiff demands judgment for contribution, indemnification, damages and/or an apportionment of liability from the Third Party Defendants, together with interest, attorneys' fees and costs of suit.

### THIRD COUNT

1. Defendant/Third Party Plaintiff repeats and reiterates each and every allegation contained in the First and Second Count as if set forth herein at length.

2. While the Defendant/Third Party Plaintiff has denied negligence in any regard, it asserts that the fault, if any, was that of the said Third Party Defendants, that the liability of the Defendant/Third Party Plaintiff, if any, was of a derivative or secondary nature and that the liability of the Third Party Defendants was of a primary character, thus giving rise to a duty on the part of

the Third Party Defendants to hold the Defendant/Third Party Plaintiff harmless and indemnify it from any losses herein.

WHEREFORE, Defendant/Third Party Plaintiff demands judgment for damages and/or indemnity against the Third Party Defendants for any and all judgments entered in favor of the Plaintiffs against the Defendant/Third Party Plaintiff, together with interest, attorneys' fees and costs of suit.

## FOURTH COUNT

1. Defendant/Third Party Plaintiff repeats and reiterates each and every allegation contained in the First, Second and Third Counts as if set forth herein at length.

2. The Third Party Defendants entered into a written agreement with the Defendant/Third Party Plaintiff, to indemnify and hold harmless the Defendant/Third Party Plaintiff for any damages and/or injuries sustained by the Plaintiffs.

3. Pursuant to the provisions contained in said agreement, the Third Party Defendants are contractually bound to hold harmless and indemnify the Defendant/Third Party Plaintiff for any and all claims such as that of the Plaintiffs that may be made against it and to defend the Defendant/Third Party Plaintiff from all claims asserted herein.

4. The Third Party Defendants have failed and refused to perform according to the terms of the agreement.

5. In the event of any judgment being recovered by Plaintiffs as against the Defendant/Third Party Plaintiff and pursuant to the terms of the agreement as aforesaid, the Defendant/Third Party Plaintiff is entitled to full indemnification for any such sums as the Plaintiffs may recover.

WHEREFORE, Defendant/Third Party Plaintiff demands judgment for full indemnification against the Third Party Defendants for any judgment entered in favor of the Plaintiffs against the Defendant/Third Party Plaintiff, together with interest, attorneys' fees and costs of suit.

### FIFTH COUNT

1. Defendant/Third Party Plaintiff repeats and reiterates each and every allegation contained in the First, Second, Third and Fourth Counts and incorporates same herein as if set forth at length.

2. The Third Party Defendants entered into a written contract to indemnify and hold harmless the Defendant/Third Party Plaintiff from any and all judgments which may be rendered against the Defendant/Third Party Plaintiff on behalf of the Plaintiffs.

WHEREFORE, the Defendant/Third Party Plaintiff, by way of claim for indemnification pursuant to written contract against the Third Party Defendants herein demands that said party indemnify and hold harmless this Defendant/Third Party Plaintiff from any and all judgments which may be rendered against it on behalf of the Plaintiffs, together with interest, attorneys' fees and costs of suit.

### ANSWER TO CROSSCLAIMS

This defendant denies the allegations of any and all cross-claims filed or which may be filed against this defendant in this matter.

### JURY DEMAND

The defendant, CM Vantage Specialty Insurance Company, demands a trial by jury on all issues.

### NOTICE PURSUANT TO RULE 1:5-1(a) and 4:17-4(c)

PLEASE TAKE NOTICE that the undersigned attorney for defendant, CM Vantage Specialty Insurance Company, hereby demands pursuant to **Rule 1:5-1(a)** and **Rule 4:17-4(c)** that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned attorney and take notice that this is a continuing demand.

### DEMAND FOR STATEMENT OF DAMAGES

PLEASE TAKE NOTICE that pursuant to R 4:5-2 the defendant, CM Vantage Specialty Insurance Company, demands that plaintiffs furnish a statement of damages claimed within the time prescribed by the Rules of Court.

### DEMAND FOR DOCUMENTS REFERRED TO IN PLEADING

In accordance with Rule 4:18-2, demand is hereby made that any documents referred to in any pleading are to be served upon Defendant, CM Vantage Specialty Insurance Company, within five days of this demand.

### DESIGNATION OF TRIAL COUNSEL

Please be advised that Keith Harris, Esquire is hereby designated as trial counsel on behalf of defendant, CM Vantage Specialty Insurance Company, pursuant to the Rules made and provided.

### CERTIFICATION PURSUANT TO RULE 4:5-1 AND RULE 1:38-7 (b)

I certify that I am not aware of the matter in controversy being the subject of any other action pending in any court or arbitration forum.  I certify that no such action or arbitration proceeding is presently contemplated.

I further certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with R.1:38-7(b).

                                              BRAFF, HARRIS & SUKONECK
                                              Attorneys for Defendant, CM Vantage Specialty Insurance Company

By: _____
       KEITH HARRIS

Dated: April 12, 2022